UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANTHONY FEURTADO,

                      Petitioner,                    **ORDER**

              -against-                                  13-CV-989 (NGG)

WARDEN FRANK STRADA,

                      Respondent.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        On February 21, 2013, Petitioner Anthony Feurtado filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), alleging that he should be released from custody at the Metropolitan Detention Center (the "MDC") on April 17, 2013, and permitted to move to a residential reentry center or to home detention.[1] (Pet. (Dkt. 1).) On April 26, 2013, Petitioner was released from the MDC (see Gov't Opp'n to Pet. (Dkt. 8) at 2), and began serving a three-year term of supervised release. Petitioner's term of supervised release ended on April 25, 2016. (See May 24, 2017, Ltr. from Gov't (Dkt. 11).)

        The Petition is DISMISSED as moot. "[I]f an event occurs while [a matter] is pending that renders it impossible for the court to grant any form of effectual relief to [Petitioner], the matter becomes moot and subject matter jurisdiction is lost." In re Flanagan, 503 F.3d 171, 178 (2d Cir. 2007) (citing Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001) and Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)). Because Petitioner has been released from custody and completed his term of supervised release, he no longer "retains an interest in [the Petition] so that a favorable outcome could redound in [his] favor." Id. (citing

---

[1] Petitioner admits that he did not exhaust his administrative remedies prior to filing the Petition. (Id. at 2.)

1

Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 568-72 (1984)).  As such, the Petition is moot.  See id.; see also, e.g., Sash v. Laird, No. 06-CV-6052 (LB), 2008 WL 2816019, at *1-2 (E.D.N.Y. 2008) (holding that habeas petition was moot where the petitioner had been release from custody and the petition sought transfer out of the MDC to "an approved correctional facility at which [he] could receive necessary medical care and treatment"); cf. United States v. Kleiner, 765 F.3d 155, 156 n.1 (2d Cir. 2014) (holding appeal of defendant's sentence was not moot even though he had been released from prison "because a favorable appellate decision might prompt the district court to reduce [defendant's] three-year term of supervised release").

The Petition (Dkt. 1) is DISMISSED for lack of subject matter jurisdiction.  The Government is DIRECTED to serve a copy of this Order on Petitioner and file proof of service with the Clerk of Court.

SO ORDERED.

Dated: Brooklyn, New York
       July 18, 2017

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTHONY FEURTADO,

                Petitioner,

        -against-

WARDEN FRANK STRADA,

                Respondent.
------------------------------------------------------------------------X

**ORDER**

13-CV-989 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

    On February 21, 2013, Petitioner Anthony Feurtado filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), alleging that he should be released from custody at the Metropolitan Detention Center (the "MDC") on April 17, 2013, and permitted to move to a residential reentry center or to home detention.[1] (Pet. (Dkt. 1).) On April 26, 2013, Petitioner was released from the MDC (see Gov't Opp'n to Pet. (Dkt. 8) at 2), and began serving a three-year term of supervised release. Petitioner's term of supervised release ended on April 25, 2016. (See May 24, 2017, Ltr. from Gov't (Dkt. 11).)

    The Petition is DISMISSED as moot. "[I]f an event occurs while [a matter] is pending that renders it impossible for the court to grant any form of effectual relief to [Petitioner], the matter becomes moot and subject matter jurisdiction is lost." In re Flanagan, 503 F.3d 171, 178 (2d Cir. 2007) (citing Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001) and Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)). Because Petitioner has been released from custody and completed his term of supervised release, he no longer "retains an interest in [the Petition] so that a favorable outcome could redound in [his] favor." Id. (citing

---

[1] Petitioner admits that he did not exhaust his administrative remedies prior to filing the Petition. (Id. at 2.)

1

2

Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 568-72 (1984)).  As such, the Petition is moot.  See id.; see also, e.g., Sash v. Laird, No. 06-CV-6052 (LB), 2008 WL 2816019, at *1-2 (E.D.N.Y. 2008) (holding that habeas petition was moot where the petitioner had been release from custody and the petition sought transfer out of the MDC to "an approved correctional facility at which [he] could receive necessary medical care and treatment"); cf. United States v. Kleiner, 765 F.3d 155, 156 n.1 (2d Cir. 2014) (holding appeal of defendant's sentence was not moot even though he had been released from prison "because a favorable appellate decision might prompt the district court to reduce [defendant's] three-year term of supervised release").

The Petition (Dkt. 1) is DISMISSED for lack of subject matter jurisdiction.  The Government is DIRECTED to serve a copy of this Order on Petitioner and file proof of service with the Clerk of Court.

SO ORDERED.

Dated: Brooklyn, New York
       July 18, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2